*Hobbs*, for the State.

*R. K. Porter*, for the respondents.

---

### *The* STATE *vs.* BOIES *& al.*

A note made payable " *to J. I., Land Agent of Maine, or order,*" given for property sold belonging to the State, should be sued in the name of the State, and not in the name of the Agent.

ASSUMPSIT on the following promissory note: "For value received we jointly and severally promise *James Irish*, Land Agent of Maine, to pay him or his order one hundred and twenty-five dollars in three years and interest annually.

*James Boies.*
*Ichabod Russell.*"

When *Irish* retired from office, he delivered this note to his successor as the property of the State, and a suit was brought thereon for the benefit of the State. The only question in the case was, whether the action was rightly brought in the name of the State.

*Downes*, for the defendants, distinguished this case from *Irish* v. *Webster & al.* 5 *Greenl.* 171, on the ground that here the

note was *negotiable*—while in that, it was not. It paid the antecedent debt, and not having been negotiated, should have been sued in the name of *Irish*.

*Chase*, for the plaintiff.

Mellen C. J. — We perceive no distinction in principle between this case and that of *Irish* v. *Webster & al.*, 5 *Greenl.* 171. In that case the note was not negotiable ; in the present case it is so. The principal ground is, that the land agent is the servant of the State, making contracts in behalf of the State. A note made payable to such an agent is, in legal contemplation, payable to the State. In the present case the note has never been negotiated to any one by *Irish*, if he had any authority to negotiate it ; but has been placed in the hands of his successor for the benefit of the State. The defendant must be called.